IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. SA-14-CR-84-XR |
| CARLOS IBARRA-LEYVA, | § § | |
| *Defendant.* | § § § | |

### ORDER

On this day, the Court considered Defendant's motion to dismiss indictment. Doc. No. 32. After careful consideration, the motion is DENIED.

### BACKGROUND

Defendant Carlos Ibarra-Leyva is charged in the indictment with illegal reentry to the United States in violation of 18 U.S.C. §§ 1326(a) & (b)(1).

The defendant was admitted to the United States at El Paso, Texas on or about February 27, 1992 as a permanent resident. On December 23, 1996, the defendant was convicted in the 175th District Court of Bexar County, Texas, for the offense of manslaughter.

On July 7, 1998, the defendant was served with an I-862, Notice to Appear. Attached to the Notice to Appear was a Form I-831, stating, in part, that since he had been convicted of manslaughter and sentenced to confinement for a period of ten years, he was convicted of an aggravated felony "as defined in section 101(a)43 of the [Immigration and Nationality Act, as amended]" and subject to removal.

1

On October 23, 1998, an Immigration Judge ordered the defendant removed from the United States to Mexico. The defendant appealed the decision to the Board of Immigration Appeals (BIA) on October 29, 1998. In a written opinion dated March 18, 1999, the BIA noted that the defendant claimed that his due process rights were denied on the basis of four alleged errors, including an allegation that the Notice to Appear did not sufficiently advise him of the basis on which he was alleged to be removable. The BIA found that the Notice to Appear sufficiently advised the defendant that he was convicted of a crime of violence, an aggravated felony within the meaning of 8 U.S.C. 1101(a)(43)(F)(1997).

On March 18, 1999, the BIA affirmed the decision of the Immigration Judge, and dismissed the appeal. After receiving the adverse decision from the BIA, the defendant filed a notice of appeal with the Fifth Circuit Court of Appeals. The appeal was dismissed for lack of jurisdiction.

On November 9, 1999, a Warrant of Removal issued for the defendant, and on March 7, 2001, the defendant was removed to Mexico at Laredo, Texas. On January 14, 2014 agents arrested the defendant in San Antonio, Texas, at which time the instant illegal reentry after deportation charge was brought against him.

## DEFENDANT'S MOTION

In support of his motion to dismiss the indictment, Defendant argues the following: (1) the NTA failed to allege which aggravated felony provision that the INS was relying upon to support its charge of removability; (2) in 1999, the BIA erroneously found his Texas

manslaughter offense to be a crime of violence[1]; and (3) the underlying deportation proceeding were not conducted in conformity with due process and "effectively eliminate[d]" his right to obtain judicial review of the deportation proceeding.

## ANALYSIS

If a defendant can show that the underlying deportation was improper, the government cannot use it to prove the requisite elements of the offense of illegal reentry. *U.S. v. Benitez–Villafuerte*, 186 F.3d 651 (5th Cir.1999).

A defendant may collaterally attack a deportation proceeding in a later criminal proceeding if the defendant can show: (1) that the deportation hearing was fundamentally unfair; (2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation; and (3) the procedural deficiencies caused him actual prejudice. *U.S. v. Mendoza–Lopez*, 481 U.S. 828 (1987); *U.S. v. Lopez–Vasquez*, 227 F.3d 476 (5th Cir. 2000).

Congress has also provided for this situation. In 8 U.S.C. § 1326(d)(1–3), an alien collaterally attacking an underlying deportation order must demonstrate: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

Defendant fails to show that his deportation hearing was fundamentally unfair inasmuch as the hearing did not violate his procedural due process rights. The NTA sufficiently advised

---

[1] Defendant reaches the conclusion because in 2004, in an unpublished opinion, the Fifth Circuit found that Texas manslaughter in violation of Texas Penal Code § 19.04 was not a "crime of violence" within the meaning of 18 U.S.C. Section 16. *See United States v. Dominguez-Hernandez*, 98 F. App'x. 331 (5th Cir. May 21, 2004).

the defendant that he was convicted of a crime of violence, an aggravated felony within the meaning of 8 U.S.C. 1101(a)(43)(F).

With regard to Defendant's argument that in 1999, the BIA erroneously found his Texas manslaughter offense to be a crime of violence, a subsequent change in the law is not a defense or impediment to a § 1326 prosecution, and the Fifth Circuit has consistently rejected collateral attacks on this ground. *See, e.g. United States v. Madrid-Manriquez*, 117 F. App'x. 367 (5th Cir. Dec. 29, 2004), *cert. denied*, 546 U.S. 828 (2005); *United States v. Marquez-Urquidi*, 81 F. App'x. 516 (5th Cir. Dec. 2, 2003), *cert. denied*, 542 U.S. 939 (2004).

## CONCLUSION

Defendant's motion to dismiss indictment (Doc. No. 32) is DENIED.

SIGNED this 22nd day of September, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE